IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DOUGLAS YODER,  **Plaintiff,**  v.  PRINCE, JONATHAN WINTERS, OWENS, KIM JOHNSON, DANIEL MONTI, MARGARET MADOLE, ROB JEFFREYS, ILLINOIS DEPARTMENT OF CORRECTIONS, STATEWIDE COMMISSARY COMMITTEE,  **Defendants.** | Case No. 22-cv-2004-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Charles Douglas Yoder, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Robinson Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Shawnee Correctional Center ("Shawnee"). In the Complaint, Yoder alleges he was denied access to a "body puff" in violation of his equal protection rights under the Fourteenth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Yoder makes the following allegations: On October 12, 2021, Yoder submitted a commissary order for numerous items including a "body puff" (Doc. 1, p. 4). The puff was advertised on the inmate commissary price list as being for sale to all inmates in general population (*Id.*). Yoder alleges that there is only one products list and that the prison does not have separate products list for certain groups of individuals (*Id.*). On October 13, 2021, Yoder went to the commissary to pick up his order and noted that the order was missing some items, including the "body puff". The commissary supervisor informed Yoder that the puff was only available for transgender inmates (*Id.* at p. 5). A commissary worker made a joke about the request and other inmates began calling Yoder names (*Id.*). Yoder alleges that the policy allowing only transgendered individuals access to a "body puff" violates his equal protection rights under the Fourteenth Amendment and amounts to gender and/or reverse discrimination (*Id.* at p. 7). He also alleges the policy violates several state-created rights.

On October 14, 2021, Yoder submitted a grievance about the policy preventing him from obtaining a "body puff". Counselor Jonathan Winters responded that the puff is only approved for transgender individuals per guidelines set by the statewide commissary committee (*Id.* at p. 6). Grievance officer Kim Johnson, Chief Administrative Officer Monti, and Rob Jeffreys denied his grievance (*Id.*).

### Discussion

Simply put, Yoder fails to state any claim. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Yoder alleges that Defendants violated his equal protection rights and that he was subjected to sex discrimination. He alleges that he was discriminated against because he was not allowed to purchase a "body puff" because the puffs were only for transgendered inmates. To establish an equal protection discrimination claim, a plaintiff must "show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner,* 821 F.2d 408, 415 n.7 (7th Cir. 1987), *cert. denied,* 484 U.S. 935 (1987) (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir.1982)). To state a claim for unconstitutional discrimination, the Complaint must suggest that a prison official "singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Nabozny v. Podlesny*, 92 F.3d 446, 453–54 (7th Cir. 1996)

Yoder simply fails to state an equal protection claim. First, there is no constitutional right to purchase items (food or non-food) from a commissary at all. *See Brown v. Gulash*, Case No. 07-cv-370-JPG, 2009 WL 2144592, at *5 (S.D. Ill. July 16, 2009) (collecting cases); *see also Tokar v. Armontrout,* 97 F.3d 1078, 1083 (8th Cir.1996) ("we know of no constitutional right of access to a prison gift or snack shop"). Further, he has not identified himself as part of a protected class and there are no allegations to suggest that the lack of access to a "body puff" constitutes disparate treatment. He also fails to allege that he was singled out for disparate treatment because of his membership in any protected class. Although Yoder takes issue with the policy to only offer "body puffs" to transgender inmates, rather than general population inmates, there are simply no allegations to suggest that this decision was made for the purpose of discriminating against cisgender inmates.

The Complaint also fails to state a class-of-one equal protection claim. To state such a claim, an individual must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Swanson v. Chetek,* 719 F.3d 780, 784–85 (7th Cir. 2013) (quoting *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)); *Forgue v. City of Chicago*, 873 F.3d 962, 968 (7th Cir. 2017). Even if access to a "body puff" could give rise to such a claim—an assumption this Court is reluctant to entertain even for this hypothetical—Yoder must suggest that he is similarly situated to those at Shawnee who had access to a "body puff". He has not alleged that similarly situated inmates had access to a "body puff". In fact, he

4

acknowledges that the "body puff" was only available to transgendered inmates and not the general population at Shawnee.

Finally, to the extent Yoder seeks to raise a claim for any of the statements made by staff which he took offense to or felt was harassment, Yoder fails to state a claim. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *Dewalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

Thus, Yoder fails to state a claim for his inability to purchase a "body puff" at the commissary. To the extent he seeks to raise any other federal or state law claim, he relies on only conclusory statements that his rights were violated. Further, the Court fails to see any other constitutional claim which could be raised by the allegations in Yoder's Complaint. But the Court will grant Yoder leave to amend his Complaint to the extent he believes any other constitutional right or federal claim is implicated by his allegations.

## Disposition

For the reasons stated above, Yoder's Complaint is **DISMISSED without prejudice**. Yoder is **GRANTED** leave to file a "First Amended Complaint" on or before **July 10, 2023**. Should Yoder fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. Civ. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Yoder's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Yoder must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Yoder is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Yoder elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Yoder is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  June 12, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**