IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DOUGLAS YODER,<br><br>    **Plaintiff,**<br><br>v.<br><br>PRINCE, JONATHAN WINTERS, OWENS, KIM JOHNSON, DANIEL MONTI, MARGARET MADOLE, ROB JEFFREYS, ILLINOIS DEPARTMENT OF CORRECTIONS, and STATEWIDE COMMISSARY COMMITTEE,<br><br>    **Defendants.** | Case No. 22-cv-2004-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Charles Douglas Yoder, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Robinson Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Shawnee Correctional Center. Yoder's Complaint, alleging that officials at Shawnee denied him access to a "body puff" in violation of the Fourteenth Amendment, was previously dismissed on initial review for failure to state a claim (Doc. 17). Although he was granted leave to amend his pleading, Yoder instead chose to appeal the dismissal of his claim. The Seventh Circuit found that Yoder adequately stated an equal protection claim for IDOC's policy of limiting the sale of body puffs to transgender inmates (Doc. 32-2, p. 3). The Seventh Circuit remanded the case back to this Court for further proceedings (*Id.* at p. 4).

Consistent with the Seventh Circuit's opinion, this Court now designates the following claim for further review:

1

> **Count 1:** Equal protection claim against defendants for instituting a prison policy limiting the sale of body puffs to transgender inmates, preventing Yoder from obtaining a body puff, in violation of both the Fourteenth Amendment and the Illinois Constitution.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Yoder states a viable claim against Commissary Supply Supervisor Prince, Corrections Supply Supervisor Owens, Daniel Monti, Rob Jeffreys, and John Doe State Commissary Committee Members. Yoder alleges that these officials either told him that he did not qualify for the purchase of a body puff or created and implemented the policy limiting the sale of body puffs to transgender inmates. To the extent that Yoder seeks injunctive relief, the Court **ADDS** Latoya Hughes, the current director of IDOC, in her official capacity only, for the purpose of implementing any injunctive relief awarded in this case.

But to the extent that Yoder alleges that the grievance officials are responsible for his claims because they denied his grievances regarding his access to commissary items, Yoder fails to state a claim. He merely alleges that Jonathan Winters and Kim Johnson denied his grievance, but the simple mishandling or denial of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Thus, to the extent that Yoder alleges Jonathan Winters

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

2

and Kim Johnson violated his rights by denying his grievances, his claims are **DISMISSED without prejudice**.[2]

Further, to the extent Yoder alleges that IDOC is liable for his claims, he also fails to state a claim. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). IDOC is not a "person" for purposes of Section 1983 and not a proper party for monetary damages. *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

## Disposition

For the reasons stated above, Count 1 against Defendants Commissary Supply Supervisor Prince, Corrections Supply Supervisor Owens, Daniel Monti, Rob Jeffreys, John Doe Commissary Committee Members, and Latoya Hughes (official capacity only) shall receive further review consistent with the Seventh Circuit's opinion in *Yoder v. Prince, et al.*, Case No. 23-2334, Doc. 25 (7th Cir. June 28, 2024).

The Clerk of Court shall prepare for Defendants Commissary Supply Supervisor Prince, Corrections Supply Supervisor Owens, Daniel Monti, Rob Jeffreys, and Latoya Hughes (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons).[3] The Clerk is **DIRECTED** to mail these forms, a copy

---

[2] Yoder also alleges that Daniel Monti and Rob Jeffreys denied his grievances. Any claim against these officials solely for their denial of grievances is also **DISMISSED without prejudice**.
[3] To the extent Yoder has identified unknown members of the State Commissary Committee, the Court will allow discovery to identify these individuals. Once the defendants have entered their appearances and filed Answers, the Court will enter a scheduling order setting forth the deadlines for discovery related to the identities of the unknown commissary committee members.

of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Yoder. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Yoder, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Yoder, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Yoder is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 25, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**