IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES DOUGLAS YODER,** | |
| Plaintiff, | |
| v. | Case No. 22-cv-2004-NJR |
| **PRINCE, OWENS, DANIEL MONTI, ROB JEFFREYS, JOHN DOE COMMISSARY COMMITTEE MEMBER, LATOYA HUGHES (official capacity only), and MARGARET MADOLE,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Charles Douglas Yoder, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Danville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Shawnee Correctional Center. This matter is currently before the Court on two motions to clarify filed by Yoder (Docs. 39, 44).

Yoder's Complaint, alleging equal protection violations in denying him access to a "body puff," was initially dismissed for failure to state a claim (Doc. 17). Yoder appealed the dismissal, and the Seventh Circuit found that Yoder adequately stated an equal protection claim for the policy limiting the sale of body puffs to transgender inmates (Doc. 32-3). On remand, the Court designated a single equal protection claim for instituting a prison policy limiting the sale of body puffs to transgender inmates and

1

preventing Yoder from obtaining a body puff, in violation of both the Fourteenth Amendment to the United States Constitution and the Illinois State Constitution (Doc. 33, p. 2). Yoder was allowed to proceed on his claim against Commissary Supply Supervisor Prince, Corrections Supply Supervisor Owens, Daniel Monti, Rob Jeffreys, and John Doe State Commissary Committee Members (*Id*. at p. 2). Latoya Hughes was added in her official capacity to implement any injunctive relief awarded (*Id*.). But Yoder's claim against the grievance officials, including Jonathan Winters and Kim Johnson, was dismissed for failure to state a claim. And any claims against IDOC were dismissed because IDOC is not a "person" for purposes of Section 1983 (*Id*. at p. 3).

Yoder's motions seek to clarify the Court's findings in the Section 1915A review order (Doc. 33). Yoder's first motion asks the Court to clarify whether any state law claims were possibly pled in his Complaint. Yoder fails to point to any state law claims; instead, he asks the Court to accept any possible state law claims implicated by his allegations. Yoder notes that he does not know what state laws may be implicated, but "there must be some state law claims" that the Court may find in the factual allegations (*Id*. at p. 2).

Although prisoner complaints are liberally construed, the Complaint must "plead some facts that suggest a right to relief that is beyond the speculative level." *Dorsey v. Varga*, 55 F.4th 1094, 1101 (7th Cir. 2022) (quoting *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015)). Despite Yoder's contention that the Court should identify possible state law claims implicated by his factual allegations, the Court is not required to "to craft legal arguments and perform legal research on the litigant's behalf." *Watson v. Sward*, Case No. 23-2636, 2024 WL 2105470 at * 1 (7th Cir. May 10, 2024). *See also Anderson v. Hardman*, 241 F.3d 544,

545 (7th Cir. 2001). Here, Yoder's Complaint adequately alleged a violation of his equal protection rights under both the United States Constitution and the Illinois State Constitution. Although Yoder's Complaint asked the Court to find any other state violations that it deemed appropriate, Yoder failed to plead any other claims. Again, the Court is not required to review the pleading for all *potential* claims Yoder *could* have raised. Although he lists claims that he believes might have been implicated by his allegations, including discrimination and equal protection laws, the Court allowed him to proceed on an Illinois equal protection claim for discrimination. Yoder's Complaint fails to point to any other state law that might be implicated by his allegations. Thus, his first motion to clarify (Doc. 39) is **DENIED**.

Yoder's second motion (Doc. 44) requests clarification on the status of IDOC as a defendant. Yoder noted that the threshold order found that IDOC was not a person for purposes of Section 1983 and was not a proper party for monetary damages, but Yoder also noted that counsel recently entered his appearance for IDOC (Doc. 41). Yoder is correct that IDOC is no longer a party to this case. The Court found that Yoder failed to state a claim against IDOC. Although not initially terminated on the docket, IDOC was dismissed from the case (Doc. 33, p. 3) and has now been terminated from the docket. Thus, Yoder's second motion to clarify (Doc. 44) is **DENIED as moot**.

Finally, the Court also clarifies the status of any potential claim against Margaret Madole. Yoder's Complaint identified Madole as a member of the Administrative Review Board ("ARB") (Doc. 1, p. 3). His statement of claim alleged that numerous defendants denied a grievance related to his claims, including the ARB, but Yoder did not specifically

identify Madole as one of those officials (*Id.* at p. 6). In reviewing Yoder's claims, the Court listed Madole as a defendant in the case caption and dismissed all grievance officials, but failed to include Madole in the list of grievance officials who were dismissed (Doc. 33, p. 2). The Court now **CLARIFIES** that any potential claim against Margaret Madole is **DISMISSED without prejudice** for failure to state a claim. Margaret Madole was a member of the ARB (Doc. 1, p. 3), and Yoder's Complaint alleges that the ARB denied his grievance (*Id.* at p. 6). An attached grievance also notes that Madole signed the denial (*Id.* at p. 17). But as the Court previously stated in dismissing the claims against the other grievance officials, the simple mishandling or denial of a grievance does not state a claim (Doc. 33, p. 2). *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Thus, to the extent Yoder alleged that Madole is liable for denying his grievance about his access to a body puff, the claim against her is now **DISMISSED without prejudice**.

    **IT IS SO ORDERED.**

    **DATED:  August 26, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**